UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARL H. CHRISTIANSEN,

    Plaintiff,

vs.                                  Case No. 8:12-cv-01529-JDW-AEP

MID-CONTINENT CASUALTY COMPANY,

    Defendant.

vs.

CARL H. CHRISTIANSEN and
AMERICAN STERLING ENTERPRISES, INC.,

    Counterclaim Defendants.
_____/

## ORDER

BEFORE THE COURT is Mid-Continent Casualty Company's Motion for Summary Judgment (Dkt. 4). Christiansen has responded in opposition (Dkt. 9). The question at the heart of this insurance coverage dispute is whether an underlying action involved conduct that Mid-Continent's insured, American Sterling Enterprises, Inc., performed on its own accord or, instead, as the general partner of a partnership. Because the underlying pleadings alleged conduct related to the partnership, and the partnership was not a named insured, Mid-Continent had no duty to defend or indemnify American Sterling for the claims in that action. Accordingly, the motion is granted.

### Background

This action arises out of a separate lawsuit that Christiansen filed to recover damages related to the defective construction of a residential condominium unit. According to the pleadings in the underlying action, the condominium "was developed by Defendant, Pinehurst Village Joint Venture, a Florida general partnership, comprised of Defendants, JML Realty, Inc. and American Sterling

Enterprises, Inc." (Dkt. 4-1, Underlying Compl. ¶ 8; Dkt. 4-2, Underlying Am. Compl. ¶ 8). Christiansen alleged that he "entered into a Condominium Purchase Agreement . . . whereby [he] purchased a condominium unit to be constructed by Defendants." (Underlying Compl. ¶ 7; Underlying Am. Compl. ¶ 7). The contract provided:

> Seller shall be solely responsible for all construction under this Agreement, including the techniques, sequences, procedures and means, and for coordination of all work.

(Underlying Compl. Ex. A ¶ 14(d)). "Seller" was defined as "Pinehurst Village Joint Venture." (*Id.*, p. 1). Although Christiansen alleges that American Sterling "served as the general contractor for the construction of the subject condominium unit," American Sterling was not a party to the contract. (Underlying Compl. ¶ 9; Underlying Am. Compl. ¶ 9). The only parties to the contract for the purchase and construction of the condominium were Christiansen and Pinehurst Village Joint Venture.[1]

The underlying pleadings included four counts: breach of contract (against Pinehurst Village Joint Venture, JML Realty, and American Sterling), breach of warranty (against all three Defendants), Building Code Violation, Fla. Stat. § 553.84 (against American Sterling only), and negligence (against all three Defendants). The court entered summary judgment in favor of Christiansen, holding:

> Defendants, JML Realty, Inc., American Sterling Enterprises, Inc. and Pinehurst Village Joint Venture, are jointly and severally liable to Plaintiff for damages measured by the reasonable cost of repair of Plaintiff's real and personal property as described in paragraph 3, plus an award of cost[s] and attorney['s] fees, which, based upon the evidence presented comes to a total of $155,878.94.

(Dkt. 4-3, Final Judgment).

---

[1] Although not material to the issues in this case, Christiansen's real estate broker also executed the contract.

Mid-Continent refused to defend the action or indemnify American Sterling on the ground that its conduct related to the partnership. The Commercial General Liability policy issued to American Sterling provides:

> SECTION II — WHO IS AN INSURED
>
> 1. If you are designated in the Declarations as:
> . . .
>
> d. An organization other than a partnership, joint venture or limited liability company, you are an insured.
> . . .
>
> No person or organization is an insured <u>with respect to the conduct of any current or past partnership, joint venture</u> or limited liability company that is not shown as a Named Insured in the Declarations.

(Dkt. 4-4, pp. 9-10) (emphasis added). The Declaration page listed a single Named Insured: American Sterling. (Dkt. 4-4, p. 1).

Christiansen commenced this action for a declaratory judgment that Mid-Continent is obligated to indemnify American Sterling for the judgment. The only Defendant named in Christiansen's complaint is Mid-Continent. In response, Mid-Continent filed a counterclaim for a declaratory judgment, naming both Christiansen and American Sterling as Counterclaim Defendants. Mid-Continent then moved for summary judgment.[2]

## Local Rule 1.07

Before reaching the motion for summary judgment, there is one separate matter that must be addressed. Mid-Continent served American Sterling with process on August 2, 2012 (Dkt. 13). American Sterling attempted to file a *pro se* answer, which is not permitted under the Local Rules

---

[2] Christiansen contends that Mid-Continent should have filed an answer or a motion to dismiss the complaint before filing a motion for summary judgment. However, Christiansen never filed a motion requesting the entry of default against Mid-Continent.

3

or Eleventh Circuit precedent. *See* Local Rule 2.03(e); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."). The *pro se* answer was stricken, and American Sterling was directed to file an answer through counsel, failing which, a motion for default would be entertained (Dkt. 14). The order directed that "[a]ny motion for default shall be filed 'promptly,' as required by Local Rule 1.07(b)." However, Mid-Continent failed to comply with the order.

Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed.R.Civ.P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed.R.Civ.P., and shall then proceed without delay to apply for a judgment pursuant to Rule 55(b), Fed.R.Civ.P., <u>failing which the case shall be subject to dismissal sixty (60) days after such service without notice</u> and without prejudice; provided, however, such time may be extended by order of the Court on reasonable application with good cause shown.

M.D. Fla. L. R. 1.07(b) (emphasis added). Because more than 60 days have passed since American Sterling was served with process and no proper appearance or response was filed, Mid-Continent's claims against American Sterling are dismissed without prejudice under Local Rule 1.07 and, further, as a sanction for failing to comply with the Court's order.[3]

### Summary judgment

Summary judgment is proper if following discovery, the pleadings, depositions, answers to

---

[3] It should be noted that documents filed with American Sterling's stricken *pro se* answer showed that American Sterling commenced a chapter 7 bankruptcy case in the Middle District of Florida, No. 8:08-bk-12995-MGW. The estate was fully administered, and a final decree was entered on December 31, 2009 (Bankr. Dkt. 34). Before the case was closed, the bankruptcy judge granted Christiansen relief from the automatic stay to pursue the state court action against American Sterling. However, the judge held that Christiansen could not enforce any judgment against American Sterling but could only file a proof of claim. Notwithstanding, based on a brief review of the docket, no proof of claim was filed after entry of the state court judgment.

interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56.

### Discussion

Under Florida law, an insurance company is not obligated to indemnify its insured for a judgment unless it had a duty to defend the claims in that action. *See, e.g., WellCare of Fla., Inc. v. American Int'l Specialty Lines Ins. Co.*, 16 So. 3d 904, 907 (Fla. 2d DCA 2009); *Federal Ins. Co. v. Applestein*, 377 So. 2d 229, 233 (Fla. 3d DCA 1979). The threshold question, therefore, is whether Mid-Continent had a duty to defend the underlying action.

"It is well settled that an insurer's duty to defend its insured against a legal action arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage." *Jones v. Florida Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 442-43 (Fla. 2005). The duty to defend is determined solely from the allegations in underlying pleadings, not any further facts that may come out in a dispositive motion or at trial. *Id.* at 443. Based on the facts alleged by Christiansen, there was no duty to defend the underlying action.

As the underlying pleadings made clear, American Sterling's liability arose from its partnership, since it was the partnership that developed the condominium, not American Sterling. And it was the partnership that Christiansen contracted with for the construction and purchase of his condominium unit, not American Sterling. *See Bott v. J.F. Shea Co., Inc.*, 299 F.3d 508, 511-12 (5th Cir. 2002) (holding coverage did not exist for the acts of a company that "managed the daily operations of the project" because the construction contract was not with that company but a joint venture); *Kenneth Cole Prods., Inc. v. Mid-Continent Cas. Co.*, 763 F. Supp. 2d 1331, 1335 (S.D. Fla. 2010) (holding no coverage for damage occurring during construction because contract controlling construction work involved a joint venture, not the party who caused the damage).

Christiansen's primary argument is that American Sterling was the general contractor. But he failed to allege facts to show how American Sterling's liability was separate from that of the partnership. As one case Christiansen relies on observed, it is immaterial that "given [its] greater expertise in design and construction, the actual building of the [condominium] was delegated to [American Sterling]." *Scottsdale Ins. Co. v. Essex Ins. Co.*, 119 Cal. Rptr. 2d 62, 68 (Cal. Ct. App. 2002). The question is whether the condominium was developed and built by the partnership. *See id.* The contract expressly provided that the partnership was "solely responsible for all construction," and therefore, the partnership had complete control over the construction of the condominium. (Compl. Ex. A ¶ 14(d)). American Sterling's involvement and conduct with respect to the project was as a general partner of Pinehurst Village Joint Venture. Its liability therefore arose from the partnership.

In making a contrary argument, Christiansen relies on *Austin P. Keller Construction Co. v. Commercial Union Insurance Co.*, 379 N.W. 2d 533, 536 (Minn. 1986). In that case, the Minnesota Supreme Court noted, "[i]f Keller, in the underlying personal injury and property damage suit, was alleged to be causally negligent because of contract work it did in its separate corporate capacity, Keller would be entitled to defense and indemnity." 379 N.W. 2d at 536. This *dicta* is unhelpful, however, as Christiansen's contract was with the partnership, and the condominium was developed and constructed by the partnership.

Christiansen appears to argue that Mid-Continent should be liable because the activities at issue were performed by American Sterling, not an unnamed co-venturer, and therefore, these activities did not materially alter Mid-Continent's risk. While this principle was articulated by the California Court of Appeal in *Scottsdale Insurance Co.*, 119 Cal. Rptr. 2d at 68, Christiansen has not shown that it has been adopted by any Florida courts. And even the California Court of Appeal has since rejected this concept as a "derelict on the waters of the law" that is "inconsistent with

6

controlling Supreme Court authority." *California Trads., Inc. v. Claremont Liability Ins. Co.*, 127 Cal. Rptr. 3d 451, 459-60 (Cal. Ct. App. 2011) (quotation omitted).

Finally, Christiansen contends that one of the counts was directed solely at American Sterling. But the policy language focuses on whether the insured's actions related to "the conduct of any current or past partnership." (Dkt. 4-4, p. 10). Whether a plaintiff has sued the partnership or an individual partner has no bearing on the question of whether the insured's <u>conduct</u> related to the partnership. And although Christiansen points out that a contractor may have direct statutory liability, this has nothing to do with whether the contractor's actions were related to the partnership.

In sum, the underlying pleadings alleged that <u>the partnership</u> developed the condominium and that Christiansen contracted with <u>the partnership</u> for the construction and purchase of his unit. The contract attached to the pleadings further shows that <u>the partnership</u> was responsible for all construction under the contract with Christiansen. There are no facts that "fairly and potentially bring the suit within policy coverage." *Jones*, 908 So. 2d at 442-43. Pursuant to the unambiguous terms of the policy, Mid-Continent had no duty to defend, and therefore, no duty to indemnify.[4] *See, e.g., Federal Ins. Co.*, 377 So. 2d at 233 ("It has thus been uniformly held that a determination that there is no duty to defend against a particular claim carries with it the inevitable conclusion that there is none to pay an eventual judgment which may be entered upon that claim.").

## Conclusion

Accordingly, it is ordered that

(1) Mid-Continent's claims against American Sterling are DISMISSED WITHOUT PREJUDICE.

---

[4] Christiansen mistakenly relies on the judgment in the underlying action. Because Mid-Continent had no duty to defend the claims framed by the underlying pleadings, any subsequent findings of fact and conclusions of law are immaterial to the indemnity question. *See Federal Ins. Co.*, 377 So. 2d at 233.

(2)  Mid-Continent's motion for summary judgment (Dkt. 4) against Christiansen is GRANTED. Mid-Continent Casualty Company was not obligated to defend or indemnify American Sterling Enterprises, Inc. with respect to the claims in the underlying action.

(3)  The clerk is directed to TERMINATE American Sterling, to ENTER JUDGMENT in favor of Mid-Continent Casualty Company and against Christiansen, and to CLOSE the file.

(4)  Jurisdiction is reserved to award fees and costs.

DONE AND ORDERED this 17th day of October, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of record
Any unrepresented parties